# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 13, 2005 Session

## AMY LYNELLE GARDNER v. RICHARD WENDELL GARDNER

**Appeal from the Circuit Court for Wilson County**
**No. 3556-DVC     Clara Byrd, Judge**

---

### No. M2004-01992-COA-R3-CV - Filed January 24, 2006

---

Amy Lynelle Gardner appeals the post-divorce modification of child support provisions. Father, Richard Wendell Gardner, petitioned the court for modifications claiming the child support provisions were unconscionable, in part due to the fact the parties used one attorney for the divorce proceedings from which the child support provisions emanate. The trial court found Father was not properly represented and that certain provisions were unconscionable. As a result, the trial court relieved Father of the contractual obligation to pay support for a child past majority, required that Mother apply her state employee discount to the child's college tuition, and awarded Father the tax deduction for the years he paid tuition. Finding no error, we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Jon S. Jablonski, Nashville, Tennessee, for the appellant, Amy Lynelle Gardner.

Michael R. Jennings, Lebanon, Tennessee, for the appellee, Richard Wendell Gardner.

### MEMORANDUM OPINION[1]

The parties were represented by one attorney during the divorce proceedings. They had two children, both of whom were minors at the time of the divorce. The older child turned eighteen in October 2001, and the younger child turned eighteen in April of 2005 and graduated from high school in 2005.

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The parenting plan incorporated in the divorce decree provided *inter alia* that Father pay: 1) "in accordance with the Tennessee Child Support Guidelines," $1,300 in child support per month beginning 2001 and ending 2009; 2) tuition for the youngest child through high school in a private school; 3) tuition, books and expenses for a college or technical school for both children; and 4) that Mother receive the tax deduction for the children.

In August of 2003, Father filed the petition at issue, seeking to amend the final decree arguing that he was not represented by counsel during the divorce, that contrary to the child support guidelines the marital dissolution agreement required Father to pay child support until 2009, almost four years after the youngest child reached the age of majority, that he does not earn enough to justify his paying college tuition fully for both children, that Mother should share the costs of private school education for the minor child through high school, that he receive the tax deduction for the youngest child every other year and some other issues not raised on appeal.[2]

At the hearing, the trial court found that Father was not properly represented, his obligation for child support ended in 2005 when the parties' youngest child graduated from high school, Father would continue to pay tuition for the parties' minor child at a private school through his twelfth grade year, Mother would apply her Tennessee Employee Discount (25%) toward the child's college tuition with Father paying the remainder and Father would receive the tax deduction for 2004 and any subsequent years in which he is paying college tuition.

Mother appeals claiming it was error for the trial court to modify the permanent parenting plan approved by the court in the final divorce decree.

The Permanent Parenting Plan upon which Mother relies states, "The parties agree that father shall pay child support in accordance with the Tennessee Child Support Guidelines, in the amount of. . . ." The child support guidelines would not require Father to pay support beyond the age of majority and graduation from high school. Tenn. Code Ann. § 34-1-102(b).

The parties acknowledge that they agreed to use one attorney to handle the divorce. Father testified that he was told to stop by the office to discuss the paperwork but when he arrived the attorney was not there to review the documents with him. He further testified that he was instructed they were routine and to just sign the papers.

Father made $60,000 a year; yet he was induced to pay for both children's college tuition, books and other expenses at college, plus $1,300 a month in child support. The tuition, room and board at a Tennessee college was approximately $20,000 per year and Father's child support obligation was an additional $15,600 per year. Based upon these facts, we agree with the trial

---

[2] Father requested that the youngest child be placed on Wife's insurance plan, and Mother be required to pay Father's attorney fees.

court's conclusion that it would be unconscionable to hold Father to the agreement, especially considering the attorney's apparent conflict of interest.[3]

The judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against Appellant, Amy Lynelle Gardner.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[3]The trial court found the attorney was only representing Mother, and that Father was not aware of the singular representation and mistakenly thought the attorney also represented him.